IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUDIO EVOLUTION DIAGNOSTICS, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>AMD GLOBAL TELEMEDICINE, INC.,<br><br>        Defendant. | No. 1:16-cv-01280-LPS-CJB<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF AUDIO EVOLUTION DIAGNOSTICS, INC.'S OPENING BRIEF
SUPPORTING ITS MOTION TO STRIKE DEFENDANT AMD GLOBAL
TELEMEDICINE, INC.'S AFFIRMATIVE DEFENSES UNDER FEDERAL RULE OF
CIVIL PROCEDURE 12(F) AND MOTION TO DISMISS DEFENDANT'S
<u>COUNTERCLAIMS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)</u>**

Timothy Devlin
Delaware Bar No. 4241
DEVLIN LAW FIRM LLC
1306 N. Broom Street, 1st Floor
Wilmington, DE 19806
Phone: (302) 449-9010
tdevlin@devlinlawfirm.com

Peter J. Corcoran, III
Texas Bar No. 24080038
*Pro Hac Vice*
CORCORAN IP LAW, PLLC
2019 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
Email: peter@corcoranip.com

*Counsel for Plaintiff
Audio Evolution Diagnostics, Inc.*

Dated: March 6, 2017

## **TABLE OF CONTENTS**

I. NATURE AND STAGE OF THE PROCEEDINGS -------------------------------------------- 1

II. SUMMARY OF ARGUMENT ----------------------------------------------------------------- 1

III. STATEMENT OF FACTS ---------------------------------------------------------------------- 1

   A. AMD's Affirmative Defenses ------------------------------------------------------------ 1

   B. AMD's Counterclaims ------------------------------------------------------------------- 2

IV. LEGAL STANDARDS ------------------------------------------------------------------------- 4

   A. Motions to Strike Affirmative Defenses Under Federal Rule of Civil Procedure 12(f)----------------------------------------------------------------------------- 4

   B. Motions to Dismiss Counterclaims Under Federal Rule of Civil Procedure 12(b)(6) -------------------------------------------------------------------------------------- 6

V. ARGUMENT ------------------------------------------------------------------------------------- 7

   A. Motion to Strike AMD's Affirmative Defenses ------------------------------------- 7

      *i. Eighth and Ninth Affirmative Defenses: The claims of the '343 patent [and '791 patent] are unenforceable, in whole or in part, by the doctrines of laches, waiver, and/or estoppel, including prosecution history estoppel.* -------------------------------------- 7

      *ii. Tenth and Eleventh Affirmative Defenses: Audio Evolution Diagnostics, Inc.'s claim for damages, if any, against AMD for alleged infringement of the '343 patent [and '791 patent] are limited by 35 U.S.C. §§ 287 and 288.* -------------------------------------- 9

      *iii. Twelfth Affirmative Defense: This case is exceptional against Audio Evolution Diagnostics, Inc. under 35 U.S.C. § 285.* ---------------------------------------------------- 10

      *iv. Fifteenth Affirmative Defense: AMD adopts and incorporates herein all affirmative defenses available pursuant to Federal Rule of Civil Procedure 8 (or any applicable statue or regulation), to the extent the facts known at this time would make any of said defenses available or facts developed in the future would make the same available. No affirmative defense is waived, including any defense of unenforceability based upon inequitable conduct before the United States Patent and Trademark Office in prosecution of the application leading to the '343 and '791 Patents, except for the affirmative defenses of improper venue and lack of personal jurisdiction.* ----------------------------------------- 11

   B. Motion to Dismiss Counts One to Four of AMD's Counterclaims ------------------ 13

VI. CONCLUSION----------------------------------------------------------------------------------14

# **TABLE OF AUTHORITES**

### CASES

*A.C. Aukerman Co. v. R.L. Chaides Construction Co.*,
  960 F.2d 1020 (Fed. Cir. 1992) ............................................................................................... 8
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................................................. 6, 7
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................. 7
*Cadence Pharm., Inc. v. Paddock Labs, Inc.*,
  No. 11-733-LPS, 2012 WL 4565013 (D. Del. Oct. 1, 2012) ................................................... 5
*Cancer Research Tech. Ltd. v. Barr Labs., Inc.*,
  625 F.3d 724 (Fed. Cir. 2010) .................................................................................................. 7
*Cordance Corp. v. Amazon.com, Inc.*,
  631 F. Supp. 2d 484 (D. Del. Jun. 30, 2009) ............................................................................ 7
*Delaware Health Care, Inc. v. MCD Holding Co.*,
  893 F. Supp. 1279 (D. Del. 1995) ....................................................................................... 5, 11
*Do It Best Corp. v. Heinen Hardware, LLC*,
  No. 13-69, 2013 WL 3421924 (N.D. Ind. July 8, 2013) .......................................................... 5
*Exergen Corp. v. Wal-Mart Stores, Inc.*,
  575 F.3d 1312 (Fed. Cir. 2009) .............................................................................................. 12
*Fesnak & Assocs., LLP v. U.S. Bank Nat. Ass'n*,
  722 F. Supp. 2d 496 (D. Del. 2010) ......................................................................................... 5
*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
  535 U.S. 722 (2002) ................................................................................................................. 9
*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) .................................................................................................. 6, 7
*Gross v. Weinstein, Weinburg & Fox, LLC*,
  123 F. Supp. 3d 575 (D. Del. 2015) ......................................................................................... 5
*Heller Fin., Inc. v. Midwhey Powder Co., Inc.*,
  883 F.2d 1286 (7th Cir. 1989) ............................................................................................ 6, 12
*Idenix Pharms., Inc. v. GileadScis., Inc.*,
  No. 13-1987-LPS, 2014 WL 4222902 (D. Del. Aug. 25, 2014) .............................................. 6
*In re Sterten*,
  546 F.3d 278 (3d. Cir. 2008) ............................................................................................. 6, 12
*Internet Media Corp. v. Hearst Newspapers, LLC*,
  Civ. No. 10–690, 2012 WL 3867165 (D. Del. Sept. 6, 2012) ............................................... 13
*Phillips Electronics North America Corp. v. Contec Corp.*,
  312 F. Supp. 2d 639 (D. Del. 2004) ......................................................................................... 8
*Phillips v. Cnty. of Allegheny*,
  515 F.3d 224 (3d Cir. 2008) ..................................................................................................... 7
*Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*,
  No. 1:12-cv-1461-LPS-CJB, 2017 WL 239326 (D. Del. Jan. 19, 2017) ........................ 13, 14
*Procter & Gamble Co. v. Nabisco Brands, Inc.*,
  697 F. Supp. 1361 (D. Del. 1988) ............................................................................................ 5

-2-

*Senju Pharm. Co. v. Apotex, Inc.*,
　921 F. Supp. 2d 297 (D. Del. 2013) ------------------------------------------------------------------- 13
*Sonos, Inc. v. D&M Holdings, Inc.*,
　No. 14-1330-RGA-MPT, 2016 WL 4249493 (D. Del. Aug. 10, 2016) --------------------- 7, 8, 10
*Sun Microsystems, Inc. v. Versata Enterprises, Inc.*,
　630 F. Supp. 2d 395 (D. Del. 2009) ------------------------------------------------------------- 4, 5, 8
*Symbol Techs., Inc. v. Aruba Networks, Inc.*,
　609 F. Supp. 2d 353 (D. Del. 2009) ----------------------------------------------------------------- 5, 11
*Tyco Fire Prods. LP v. Victaulic Co.*,
　777 F. Supp. 2d 893 (E.D. Pa. 2011) ---------------------------------------------------------------- 6, 13
*Xilinx, Inc. v. Invention Inv. Fund I LP*,
　No. C 11–0671, 2011 WL 3206686 (N.D. Cal. July 27, 2011) ------------------------------------ 13
*XpertUniverse, Inc. v. Cisco Sys., Inc.*,
　868 F. Supp. 2d 376 (D. Del. 2012) ------------------------------------------------------------------- 12

## STATUTES

35 U.S.C. § 282(b) -------------------------------------------------------------------------------------------- 11
35 U.S.C. § 285 ------------------------------------------------------------------------------------------------ 10
35 U.S.C. § 287(a) --------------------------------------------------------------------------------------------- 9
35 U.S.C. § 288 ------------------------------------------------------------------------------------------------ 10

## RULES

FED. R. CIV. P. 8(a)(2) ----------------------------------------------------------------------------------------- 6
FED. R. CIV. P. 8(b) -------------------------------------------------------------------------------------------- 5
FED. R. CIV. P. 8(b)(1)(A) ---------------------------------------------------------------------------------- 12
FED. R. CIV. P. 8(c)(1) ------------------------------------------------------------------------------------ 6, 12
FED. R. CIV. P. 9(b) -------------------------------------------------------------------------------------------- 8
FED. R. CIV. P. 12(b)(6) -------------------------------------------------------------------------------------- 6
FED. R. CIV. P. 12(f) ------------------------------------------------------------------------------------------- 4

## I.  NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement case.  Plaintiff Audio Evolution Diagnostics, Inc. ("AED") filed its Complaint for Patent Infringement (D.I. 1) on December 20, 2016 against Defendant AMD Global Telemedicine, Inc. ("AMD") for direct and indirect infringement of U.S. Patent Nos. 8,920,343 ("the '343 patent") and 8,870,791 ("the '791 patent").  AMD filed its Answer and Counterclaims (D.I. 10) on February 13, 2017, in which it asserts fifteen affirmative defenses and four counterclaims.

## II.  SUMMARY OF ARGUMENT

This Court should strike AMD's Eighth, Ninth, Tenth, Eleventh, Twelfth, and Fifteenth Affirmative Defenses under Federal Rule of Civil Procedure 12(f) because they do not provide sufficient facts to put this Court and AED on notice of the bases for the defenses or to allege the necessary elements of the defenses.  This Court should also dismiss each of Count of AMD's Counterclaims under Federal Rule of Civil Procedure 12(b)(6) because the facts alleged in the Counterclaims are insufficient to show that AMD has plausible claims for relief.

## III.  STATEMENT OF FACTS

### A.  AMD's Affirmative Defenses

AMD pleads the following affirmative defenses that are the subject of AED's motion to strike under Federal Rule of Civil Procedure 12(f):

**Eighth Affirmative Defense**

63. The claims of the '343 patent are unenforceable, in whole or in part, by the doctrines of laches, waiver, and/or estoppel, including prosecution history estoppel.

**Ninth Affirmative Defense**

64. The claims of the '791 patent are unenforceable, in whole or in part, by the doctrines of laches, waiver, and/or estoppel, including prosecution

history estoppel.

### Tenth Affirmative Defense

65. Audio Evolution Diagnostics, Inc.'s claim for damages, if any, against AMD for alleged infringement of the '343 patent are limited by 35 U.S.C. §§ 287 and 288.

### Eleventh Affirmative Defense

66. Audio Evolution Diagnostics, Inc.'s claim for damages, if any, against AMD for alleged infringement of the '791 patent are limited by 35 U.S.C. §§ 287 and 288.

### Twelfth Affirmative Defense

67. This case is exceptional against Audio Evolution Diagnostics, Inc. under 35 U.S.C. § 285.

### Fifteenth Affirmative Defense

70. AMD adopts and incorporates herein all affirmative defenses available pursuant to Federal Rule of Civil Procedure 8 (or any applicable statue or regulation), to the extent the facts known at this time would make any of said defenses available or facts developed in the future would make the same available. No affirmative defense is waived, including any defense of unenforceability based upon inequitable conduct before the United States Patent and Trademark Office in prosecution of the application leading to the '343 and '791 Patents, except for the affirmative defenses of improper venue and lack of personal jurisdiction.

D.I. 10 at 8–10.

**B. AMD's Counterclaims**

AMD pleads the following Counterclaims that are the subject of AED's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6):

### COUNT ONE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,920,343

8. AMD restates and incorporates by reference its allegations in paragraphs 1-7 of its Counterclaims.

9. An actual case or controversy exists between AMD and AED as to whether the '343 patent is infringed by AMD.

10. A judicial declaration is necessary and appropriate so that AMD may ascertain its rights regarding the '343 patent.

11. AMD has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '343 patent.

12. This is an exceptional case under 35 U.S.C. § 285 because AED filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT TWO

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,920,343

13. AMD restates and incorporates by reference its allegations in paragraphs 1–12 of its Counterclaims.

14. An actual case or controversy exists between AMD and AED as to whether the '343 patent is invalid.

15. A judicial declaration is necessary and appropriate so that AMD may ascertain its rights as to whether the '343 patent is invalid.

16. The claims of the '343 patent are invalid under one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

17. This is an exceptional case under 35 U.S.C. § 285 because AED filed its Complaint with knowledge of the facts stated in this Counterclaim.

## COUNT THREE

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,870,791

18. AMD restates and incorporates by reference its allegations in paragraphs 1-17 of its Counterclaims.

19. An actual case or controversy exists between AMD and AED as to whether the '791 patent is infringed by AMD.

20. A judicial declaration is necessary and appropriate so that AMD may ascertain its rights regarding the '791 patent.

21. AMD has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '791 patent.

22. This is an exceptional case under 35 U.S.C. § 285 because AED filed its Complaint with knowledge of the facts stated in this Counterclaim.

### COUNT FOUR

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,870,791

23. AMD restates and incorporates by reference its allegations in paragraphs 1–22 of its Counterclaims.

24. An actual case or controversy exists between AMD and AED as to whether the '791 patent is invalid.

25. A judicial declaration is necessary and appropriate so that AMD may ascertain its rights as to whether the '791 patent is invalid.

26. The claims of the '791 patent are invalid under one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

27. This is an exceptional case under 35 U.S.C. § 285 because AED filed its Complaint with knowledge of the facts stated in this Counterclaim.

D.I. 10 at 11–13.

## IV.  LEGAL STANDARDS

### A. Motions to Strike Affirmative Defenses Under Federal Rule of Civil Procedure 12(f)

Federal Rule of Civil Procedure 12(f) states that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Motions to strike serve to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Sun Microsystems, Inc. v. Versata Enterprises, Inc.*, 630 F. Supp. 2d 395, 402 (D. Del. 2009). An immaterial matter is "that which has no essential important relationship to the claim for relief or the defenses being pleaded," while an impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Delaware Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279, 1292 (D. Del. 1995). "Motions to strike are generally disfavored and ordinarily denied unless the

allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Sun Microsystems, Inc.*, 630 F. Supp. 2d at 402.  Motions to strike under Rule 12(f) "should not be granted unless the presence of the surplusage will prejudice the adverse party." *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009).

When deciding a motion to strike, "the court must construe all facts in favor of the nonmoving party and deny the motion if the defense is sufficient under law." *Procter & Gamble Co. v. Nabisco Brands, Inc.*, 697 F. Supp. 1361, 1362 (D. Del. 1988).  A court "should not strike a defense unless insufficiency is clearly apparent." *Fesnak & Assocs., LLP v. U.S. Bank Nat. Ass'n*, 722 F. Supp. 2d 496, 502 (D. Del. 2010).  However, a "[c]ourt is not required to accept affirmative defenses that are mere "bare-bones conclusory allegations," and may strike such inadequately pleaded defenses." *Sun Microsystems, Inc.*, 630 F. Supp. 2d at 408.  "'A motion to strike will not be granted where the sufficiency of the defense depends on disputed issues of facts or where it is used to determine disputed and substantial questions of law.'" *Gross v. Weinstein, Weinburg & Fox, LLC*, 123 F. Supp. 3d 575, 580 (D. Del. 2015) (quoting *Cadence Pharm., Inc. v. Paddock Labs, Inc.*, No. 11-733-LPS, 2012 WL 4565013, at *1 (D. Del. Oct. 1, 2012)).

An examination of Federal Rule of Civil Procedure 8 is useful to determine the requirements of pleading affirmative defenses.  An affirmative defense is "a pleading subject to Rule 8(a), and therefore must include a short and plain statement of the defense." *Do It Best Corp. v. Heinen Hardware, LLC*, No. 13-69, 2013 WL 3421924, at *3 (N.D. Ind. July 8, 2013); *see* FED. R. CIV. P. 8(b) (requiring when "responding to a pleading, a party must state in short and plain terms its defenses to each claim asserted").  A defense may be deemed meritless because it is simply a conclusory allegation which fails to provide an appropriate statement of facts or to allege the necessary elements of the claims.  *See Heller Fin., Inc. v. Midwhey Powder*

-5-

*Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).  "The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defenses should not succeed."  *In re Sterten*, 546 F.3d 278, 285 (3d. Cir. 2008).  "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ."  FED. R. CIV. P. 8(c)(1).

### B. Motions to Dismiss Counterclaims Under Federal Rule of Civil Procedure 12(b)(6)

The sufficiency of pleadings for non-fraud cases is governed by Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  FED. R. CIV. P. 8(a)(2).  Courts use the same standard in ruling on a motion to dismiss a counterclaim under Rule 12(b)(6) as they do in assessing a claim in a complaint.  *See Idenix Pharms., Inc. v. GileadScis., Inc.*, No. 13-1987-LPS, 2014 WL 4222902, at *5 (D. Del. Aug. 25, 2014); *Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 898–99 (E.D. Pa. 2011) (citing supporting cases).

When presented with a Rule 12(b)(6) motion to dismiss for "failure to state a claim upon which relief can be granted," a court conducts a two-part analysis.  FED. R. CIV. P. 12(b)(6); *see Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  First, the court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [ ] disregard[ing] any legal conclusions."  *Id*. at 210–11.  Second, the court determines "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556

U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In assessing the plausibility of a claim, the court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler*, 578 F.3d at 210 (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).

## V. ARGUMENT

### A. Motion to Strike AMD's Affirmative Defenses

> i. *Eighth and Ninth Affirmative Defenses: The claims of the '343 patent [and '791 patent] are unenforceable, in whole or in part, by the doctrines of laches, waiver, and/or estoppel, including prosecution history estoppel.*

This Court should strike AMD's Eighth and Ninth Affirmative Defenses because these defenses are insufficiently plead, and they do not meet Rule 9(a) pleading standards of fair notice and particularity for equitable defenses. *See Sonos, Inc. v. D&M Holdings, Inc.*, No. 14-1330-RGA-MPT, 2016 WL 4249493, at *4–7 (D. Del. Aug. 10, 2016) (finding same).

AMD has not adequately pled its latches defense. "[L]aches is an 'equitable defense to a charge of patent infringement.' *Cancer Research Tech. Ltd. v. Barr Labs., Inc.*, 625 F.3d 724, 729 (Fed. Cir. 2010). An unreasonable and inexcusable delay is required to successfully assert a defense of prosecution laches. *Id.*; *Cordance Corp. v. Amazon.com, Inc.*, 631 F. Supp. 2d 484, 489 (D. Del. Jun. 30, 2009)." *Sonos*, 2016 WL 4249493, at *7. AMD has not identified or alleged any facts supporting the elements of a laches defense: "prejudice, intervening rights, or unreasonable and unexpected delay." *Id.* (citing *Cancer Research Tech.* 625 F.3d at 729).

AMD has not adequately pled information tending to show the elements of the equitable defense of waiver: "(1) an existing right; (2) knowledge of the right; (3) and an actual intention to relinquish the right." *Sonos*, 2016 WL 4249493, at *5 (citing *Sun Microsystems, Inc.*, 630 F. Supp. 2d at 409).

-7-

AMD has not adequately pled facts supporting its estoppel defense. *See id*. Estoppel, an equitable defense, requires the showing of three elements:

> (1) The patentee, through misleading conduct, leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer . . .
> (2) The alleged infringer relies on that conduct.
> (3) Due to its reliance, the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim.

*Id.* (citing *Phillips Electronics North America Corp. v. Contec Corp.*, 312 F. Supp. 2d 639, 641 (D. Del. 2004) (citing *A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1041 (Fed. Cir. 1992))).

"An element of estoppel is fraud or misrepresentation, which requires the defense to be pled with particularity under FED. R. CIV. P. 9(b)." *Id*. AMD "has not pled any of the circumstances giving rise to the alleged wrongful conduct with particularity." *Id*. AMD's "conclusory allegation provides no basis for any misleading conduct." *Id*. (citing *Sun Microsystems*, 630 F. Supp. 2d at 409).

AMD's prosecution history estoppel defense is redundant under Rule 12(f) to its Thirteenth and Fourteenth Affirmative Defenses, which plead prosecution history estoppel by reciting the elements for prosecution history estoppel as follows:

### Thirteenth Affirmative Defense

> 68. Plaintiff is estopped from construing any claim of the '343 patent to cover or include any process, device, component or structure used, sold or offered for sale by AMD under the Doctrine of Equivalents because of positions taken and amendments made to the claims of the '343 patent during the prosecution before the United States Patent and Trademark Office of the application which resulted in the '343 Patent.

### Fourteenth Affirmative Defense

> 69. Plaintiff is estopped from construing any claim of the '791 patent to cover or include any process, device, component or structure used, sold or

>offered for sale by AMD under the Doctrine of Equivalents because of positions taken and amendments made to the claims of the '791 patent during the prosecution before the United States Patent and Trademark Office of the application which resulted in the '791 Patent.

D.I. 10 at 9.  *See Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 739–40 (2002) (providing the elements for prosecution history estoppel).

For these reasons, this Court should strike AMD's Eighth and Ninth Affirmative Defenses.

> ii. *Tenth and Eleventh Affirmative Defenses: Audio Evolution Diagnostics, Inc.'s claim for damages, if any, against AMD for alleged infringement of the '343 patent [and '791 patent] are limited by 35 U.S.C. §§ 287 and 288.*

This Court should strike AMD's Tenth and Eleventh Affirmative Defenses under Rule 12(f) as insufficient defenses because AMD has not plead any factual basis for these affirmative defenses.  35 U.S.C. § 287(a) states:

>(a) Patentees, and persons *making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States*, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or by fixing thereon the word "patent" or the abbreviation "pat." together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

35 U.S.C. § 287(a) (emphasis added).  Under the plain language of the statute, AMD has not plead any facts that AED is "making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States."  *Id*.  AMD's Section 287 defense is legally insufficient without such facts.

35 U.S.C. § 288 states:

> Whenever a claim of a patent is invalid, an action may be maintained for the infringement of a claim of the patent which may be valid. The patentee shall recover no costs unless a disclaimer of the invalid claim has been entered at the Patent and Trademark Office *before the commencement of the suit*.

35 U.S.C. § 288 (emphasis added). Under the plain language of the statute, AMD has not plead any facts that any claims of the '343 and '791 patents were found invalid "before the commencement of the suit." *Id*. Moreover, no claims of the '343 and '791 patents have been found invalid before the filing of this case, so it is a legal impossibility for Section 288 to apply to this case. Under 35 U.S.C. § 282(a), the '343 and '791 patents are presumed valid. For these reasons, AMD's Section 288 defense should also be struck. *See Sonos*, 2016 WL 4249493, at *4 (finding same).

### iii. Twelfth Affirmative Defense: This case is exceptional against Audio Evolution Diagnostics, Inc. under 35 U.S.C. § 285.

This Court should strike AMD's Twelfth Affirmative Defense as an insufficient defense under Rule 12(f) because AMD has not plead any factual basis for this affirmative defense. 35 U.S.C. § 285 states: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. AMD has not plead any facts providing this Court and AED any notice of why this case is exceptional against AED, which prejudices AED by having to respond to AMD's alleged defense without knowing why the defense is pled.

Moreover, Section 285 is not a defense to patent infringement and is therefore an improper affirmative defense. 35 U.S.C. § 282(b) provides:

> Defenses.—The following shall be defenses in any action involving the validity or infringement of a patent and shall be pleaded:
> (1) Noninfringement, absence of liability for infringement or unenforceability.
> (2) Invalidity of the patent or any claim in suit on any ground specified in part II as a condition for patentability.

-10-

>         (3) Invalidity of the patent or any claim in suit for failure to comply
> with—
>             (A) any requirement of section 112, except that the failure to disclose
>             the best mode shall not be a basis on which any claim of a patent may
>             be canceled or held invalid or otherwise unenforceable; or
>             (B) any requirement of section 251.
>         (4) Any other fact or act made a defense by this title.

35 U.S.C. § 282(b).  Section 285 is not included in Section 282(b)'s list of defenses.  Therefore, AMD's Section 285 defense should also be struck under Rule 12(f) as immaterial or legally inapplicable.  *See Delaware Health Care*, 893 F. Supp. at 1292.

> iv. *Fifteenth Affirmative Defense: AMD adopts and incorporates herein all affirmative defenses available pursuant to Federal Rule of Civil Procedure 8 (or any applicable statue or regulation), to the extent the facts known at this time would make any of said defenses available or facts developed in the future would make the same available. No affirmative defense is waived, including any defense of unenforceability based upon inequitable conduct before the United States Patent and Trademark Office in prosecution of the application leading to the '343 and '791 Patents, except for the affirmative defenses of improper venue and lack of personal jurisdiction.*

This Court should strike AMD's Fifteenth Affirmative Defense under Rule 12(f) because this alleged affirmative defense is not a defense at all.  It is mere surplusage that has no relevance to a valid defense to patent infringement as provided in 35 U.S.C. § 282(b), and it prejudices AED by attempting to capture all unpled affirmative defenses that AMD has not explicitly pled. *See Symbol Techs.*, 609 F. Supp. 2d at 359.  AED is further prejudiced by this alleged affirmative defense because no facts whatsoever are pled that support it.  AMD provides this Court and AED with no notice of what defenses it is pleading, and Federal Rule of Civil Procedure 8 does not provide additional defenses to patent infringement as AMD suggests.  AMD cannot under Rule 12(f) plead hypothetical or unknown future facts that are yet to be revealed as the basis for a defense that does not currently exist.

AMD's alleged affirmative defense falls well short of Rule 8's requirement of "stat[ing] in short and plain terms its defenses to each claim asserted against it." FED. R. CIV. P. 8(b)(1)(A). A defense may be deemed meritless because it is simply a conclusory allegation which fails to provide an appropriate statement of facts or to allege the necessary elements of the claims. *See Heller Fin.*, 883 F.2d at 1294. "The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defenses should not succeed." *In re Sterten*, 546 F.3d at 285. "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ." FED. R. CIV. P. 8(c)(1).

To reasonably plead an inequitable conduct defense, AMD must provide at least some facts that "[a]n individual associated with the filing and prosecution of a patent application commit[ted] inequitable conduct when he or she (1) [made] an affirmative misrepresentation of a material fact, [failed] to disclose material information, or submit[ted] false material information to the PTO; (2) with the specific intent to deceive the PTO." *XpertUniverse, Inc. v. Cisco Sys., Inc.*, 868 F. Supp. 2d 376, 379 (D. Del. 2012) (internal quotation marks omitted). The Federal Circuit has stated that "inequitable conduct, while a broader concept than fraud, must be pled with particularity" under Federal Rule of Civil Procedure 9(b). *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326–27 (Fed. Cir. 2009) ("[W]e hold that in pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO."). AMD's inequitable conduct affirmative defense is wholly devoid of any facts that put this Court and AED on notice of the specific who, what, when, where, and how any material misrepresentation

or omission was committed before the PTO.  AMD prejudices AED without these facts because it is left not knowing how to prepare for this defense throughout this case.

For these reasons, this Court should strike AMD's Fifteenth Affirmative Defense under Federal Rule of Civil Procedure 12(f).

### B.  Motion to Dismiss Counts One to Four of AMD's Counterclaims

The pleading standards in *Twombly* and *Iqbal* apply equally to counterclaims of non-infringement and invalidity.  *See Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, No. 1:12-cv-1461-LPS-CJB, 2017 WL 239326, at *5 (D. Del. Jan. 19, 2017); *Senju Pharm. Co. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 303 (D. Del. 2013); *Internet Media Corp. v. Hearst Newspapers, LLC*, Civ. No. 10–690, 2012 WL 3867165, at *2 (D. Del. Sept. 6, 2012); *accord Tyco Fire Prods.*, 777 F. Supp. 2d at 898 ("In the wake of *Twombly* and *Iqbal*, it is clear that a[ ] counterclaim must set forth sufficient facts to give rise to a plausible claim for relief."); *Xilinx, Inc. v. Invention Inv. Fund I LP*, No. C 11–0671, 2011 WL 3206686, at *6 (N.D. Cal. July 27, 2011) (holding that the court "will not accept 'wholly conclusory allegations' in a claim alleging patent invalidity, and that simply 'pleading the citation' to a section of the Patent Act is not sufficient").

Counts One and Three of AMD's Counterclaims seek declaratory judgments of non-infringement of the '343 and '791 patents, and Counts Two and Four seek declaratory judgments of invalidity of the same patents.  *See supra* Part III.B.  AMD's allegations of non-infringement and invalidity do not meet the *Twombly/Iqbal* standards because AMD does not allege facts from which non-infringement and invalidity of the patents can be plausibly inferred.  *See Princeton Digital Image Corp.*, 2017 WL 239326, at *5.  That is, the allegations in AMD's counterclaims are "merely [] formulaic recitation[s] of the elements of the claim[s] of noninfringement [and

-13-

invalidity], without any supporting facts or even any identification of the products that are alleged not to infringe." *Id.* (citations omitted). The paragraphs that make up AMD's four counterclaims, as shown in Part III.B, "contain no facts of any kind, let alone sufficient facts to make out [] plausible claim[s of non-infringement and invalidity]." *Id.* Nor do AMD's paragraphs incorporating by reference its allegations in previous paragraphs of its Counts provide such facts. *See id.*

For these reasons, this Court should dismiss AMD's Counterclaims under Rule 12(b)(6).

## VI. CONCLUSION

For the foregoing reasons, this Court should strike AMD's Eighth, Ninth, Tenth, Eleventh, Twelfth, and Fifteenth Affirmative Defenses under Federal Rule of Civil Procedure 12(f) and dismiss each of Count of AMD's Counterclaims under Federal Rule of Civil Procedure 12(b)(6).

Dated: March 6, 2017

Respectfully Submitted,

*/s/ Timothy Devlin*
Timothy Devlin
Delaware Bar No. 4241
DEVLIN LAW FIRM LLC
1306 N. Broom Street, 1st Floor
Wilmington, DE 19806
Phone: (302) 449-9010
tdevlin@devlinlawfirm.com

Peter J. Corcoran, III
Texas Bar No. 24080038
*Pro Hac Vice*
CORCORAN IP LAW, PLLC
2019 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
Email: peter@corcoranip.com

*Counsel for Plaintiff*
*Audio Evolution Diagnostics, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

*/s/ Timothy Devlin*
Timothy Devlin