IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AUDIO EVOLUTION DIAGNOSTICS, INC. ) | ) | |
| Plaintiff, | ) ) | |
| v. | ) | C.A. No. 1:16-cv-01280-LPS-CJB |
| AMD GLOBAL TELEMEDICINE, INC. | ) ) ) | |
| Defendant. | ) ) ) | |

## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND SERVE AMENDED INFRINGMENT CONTENTIONS

Under Federal Rule of Civil Procedure 15(a)(2), Plaintiff Audio Evolution Diagnostics, Inc. ("AED") moves this Court to amend its Complaint for Patent Infringement (D.I. 1), filed December 20, 2016, to include Defendant AMD Global Telemedicine, Inc.'s ("AMD") newly released product, the "Telehealth Kiosk." AED also moves this Court to amend its Final Infringement Contentions, served on September 11, 2017. AED learned on or about December 20, 2017, that AMD had launched the Telehealth Kiosk on or about September 25, 2017. After an initial investigation, AED has determined on information and belief that the Telehealth Kiosk infringes one or more claims of U.S. Patent Nos. 8,920,343 and 8,870,791 that are asserted in this action. AED requests permission to amend its Complaint and Final Infringement Contentions to include the Telehealth Kiosk among the list of accused products in this case.

Pursuant to Rule 15(a)(2), a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely grant leave when justice so requires." The decision to grant or deny leave to amend lies within the discretion of the court. *See Farnan v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sees.*

*Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  The Third Circuit has adopted a liberal approach to pleading amendments.  *See Dole v. Area*, 921 F.2d 484, 486–87 (3d Cir. 1990).  In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, amendment should be freely granted, unless it would be futile or unfairly prejudicial to the non-moving party.  *See Farnan*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

AED has not unduly delayed requesting its amendments, it has not acted in bad faith, or with a dilatory motive; its amendments would not be futile based on its initial investigation of the Telehealth Kiosk, and it has good cause for requesting its amendments.  AMD would suffer no prejudice from AED's amendments because AED has until July 20, 2018, to finally supplement the identification of all accused products under this Court's April 7, 2017, Revised Patent Form Scheduling Order (D.I. 21) and discovery in this case does not end until October 19, 2018.

Counsel for AED conferred with counsel for AMD before filing this motion; AMD opposes this motion.

                                                        Respectfully submitted,

Dated: February 15, 2018                  DEVLIN LAW FIRM LLC

                                            By: */s/ Timothy Devlin*
                                            Timothy Devlin Delaware Bar No. 4241
                                            DEVLIN LAW FIRM LLC
                                            1306 N. Broom Street, 1st Floor
                                            Wilmington, DE 19806
                                            Phone: (302) 449-9010
                                            tdevlin@devlinlawfirm.com

>Peter J. Corcoran, III (admitted *pro hac vice*)
>Texas State Bar No. 24080038
>CORCORAN IP LAW, PLLC
>2019 Richmond Road, Suite 380
>Texarkana, Texas 75503
>Tel: (903) 701-2481
>peter@corcoranip.com
>
>*Counsel for Plaintiff*
>*Audio Evolution Diagnostics, Inc.*

SO ORDERED this ____ day of February, 2018.

_____
U.S. District Court Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notifications of such filing to all registered participants.

>*/s/ Timothy Devlin*
>Timothy Devlin