IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AUDIO EVOLUTION DIAGNOSTICS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| v.  ) | C.A. No. 1:16-cv-01280-LPS-CJB |
| ) | |
| AMD GLOBAL TELEMEDICINE, INC. ) | |
| ) | |
| Defendant. ) | |

## UNOPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Under Federal Rules of Civil Procedure 15(a)(2), 19(a)(1)(A), and 20(a)(1), Plaintiff Audio Evolution Diagnostics, Inc. ("AED") moves this Court to amend its Complaint for Patent Infringement (D.I. 1), filed December 20, 2016, and join Michael E. Sabatino, M.D., as a co-plaintiff in this action.

Defendant AMD Global Telemedicine, Inc., recently filed a motion to amend its answer to include an affirmative defense that Plaintiff is barred from recovering damages before April 19, 2016 because the patent assignment agreement from Dr. Sabatino to Plaintiff allegedly does not provide the right to sue for damages before April 19, 2016—the date of the assignment. *See* D.I. 72 (filed Apr. 25, 2018). From the date of issue of the asserted patents until April 18, 2016, Dr. Sabatino possessed all substantial rights, title, and interests in the asserted patents, including the right to recover damages for infringement of the patents. Without Dr. Sabatino's joinder in this action, Plaintiff is at risk of not recovering damages for Defendant's infringement of the asserted patents from the date of issue of the patents (*i.e.*, October 28, 2014, for U.S. Patent No. 8,870,791 and December 30, 2014, for U.S. Patent No. 8,920,343) to April 18, 2016.

Under Rule 15(a)(2), a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely grant leave when justice so requires." FED. R. CIV. P. 15(a)(2). The decision to grant or deny leave to amend lies within the discretion of the court. *See Farnan v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sees. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to pleading amendments. *See Dole v. Area*, 921 F.2d 484, 486–87 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, amendment should be freely granted, unless it would be futile or unfairly prejudicial to the non-moving party. *See Farnan*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

Mr. Arnie Rosenblatt, counsel for Defendant, has provided written consent by email for this motion. Plaintiff timely submits this motion within a week of Defendant's motion to amend its answer; Plaintiff does not act in bad faith, or with a dilatory motive; Plaintiff's amendment is not futile based on its stated reasons for the amendment; and Defendant would suffer no prejudice from Plaintiff's amendment for the same reasons Defendant provides in its motion to amend (*see* D.I. 72 at 2): minimal, if any, discovery for Plaintiff's amendment is needed beyond the documents already produced in this case; fact discovery is not scheduled to close until October 19, 2018 (*see* D.I. 21 ¶ 8.a.); and trial is not scheduled until February 18 , 2019 (*see id*. ¶ 22).

Under Rule 19(a)(1)(A), "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . in that person's absence, the court cannot accord complete relief among existing parties." FED. R. CIV. P. 19(a)(1)(A). One purpose of Rule 19 is "avoiding repeated lawsuits on the same essential subject matter." *Id*. Notes of Advisory Committee on Rules—1966 Amendment.

Not joining Dr. Sabatino as a co-plaintiff in this action may deprive Plaintiff of damages before April 19, 2016.  Also, not joining Dr. Sabatino will force a second patent infringement lawsuit against Defendant and duplicate discovery and expenses for the parties on the same sets of facts that have been pursued in this action.

Alternately, under Rule 20(a)(1), "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  FED. R. CIV. P. 20(a)(1).  For courts applying Rule 20 and related rules, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."  *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966).  Rule 20 permits "the joinder of a person who has some interest in an action . . ., even when that interest is not so strong as to require his joinder" under Rule 19.  *Field v. Volkswagenwerk AG,* 626 F.2d 293, 299 (3d Cir. 1980); *see also Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (same).

Dr. Sabatino is the named inventor of the asserted patents in this case; his right to relief in this action therefore jointly, severally, or in the alternative arises out of the same transaction, occurrence, or series of transactions or occurrences as Plaintiff.  And common questions of law and fact, such as infringement, validity, and damages, will arise among the plaintiffs in this action.

Attached at Exhibit 1 is a blackline copy of Plaintiff's proposed amended complaint; attached at Exhibit 2 is a clean copy of the proposed amended complaint.

                                                                              Respectfully submitted,

Dated: May 2, 2018                             DEVLIN LAW FIRM LLC

                                                                              By: */s/ Timothy Devlin*
                                                                              Timothy Devlin Delaware Bar No. 4241
                                                                              DEVLIN LAW FIRM LLC
                                                                              1306 N. Broom Street, 1st Floor
                                                                              Wilmington, DE 19806
                                                                              Phone: (302) 449-9010
                                                                              tdevlin@devlinlawfirm.com

                                                                              Peter J. Corcoran, III (admitted *pro hac vice*)
                                                                              Texas State Bar No. 24080038
                                                                              CORCORAN IP LAW, PLLC
                                                                              2019 Richmond Road, Suite 380
                                                                              Texarkana, Texas 75503
                                                                              Tel: (903) 701-2481
                                                                              Fax: (844) 362-3291
                                                                              peter@corcoranip.com

                                                                              *Counsel for Plaintiff*
                                                                              *Audio Evolution Diagnostics, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notifications of such filing to all registered participants.

*/s/ Timothy Devlin*
Timothy Devlin